UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                                  Chapter 11

Zahav Ventures LLC,                                                      Case No. 25-22536 SHL

                                       Debtor.
------------------------------------------------------------x

## ORDER GRANTING MOTION TO REJECT EXECUTORY CONTRACT

Upon the motion of Zahav Ventures LLC (the "Debtor") seeking to reject its executory property management contract with Paradise City Properties ("Paradise") and for related relief [ECF No. 26] (the "Rejection Motion"); hearings having been held on July 30, 2025 and September 4, 2025; and there being no objections heard to the proposed rejection; and the Debtor and Paradise having entered into an agreement for the transition and winddown of services being performed by Paradise, a copy of which agreement is annexed hereto as Exhibit "A" (the "Turnover Agreement"); and sufficient notice having been given and good cause appearing therefor; it is

ORDERED that the Rejection Motion is hereby granted and the subject contract is deemed rejected as of September 4, 2025; and it is further

ORDERED, that the Turnover Agreement is hereby approved.

Dated: White Plains, New York
            October 24, 2025

                                                                    */s/ Sean H. Lane*
                                                             United States Bankruptcy Judge

## TURNOVER AGREEMENT

**THIS TURNOVER AGREEMENT ("Agreement")**, entered into this 3rd day of September, 2025, being the last day this Agreement is executed by a party, by and between **ZAHAV VENTURES LLC, (**the "Debtor"**)** and **PARADISE CITY PROPERTIES LLC,** a Maryland registered foreign corporation, operating in the State of Maryland (hereinafter referred to as "Paradise City").

**W I T N E S S E T H:**

**WHEREAS**, the parties entered into a contract (the "Contract") for real property management services;

**WHEREAS,** the Debtor has filed Voluntary Chapter 11 Petitions in United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (Case No. 25-22182 – SHL) and wish to reject their Contract with Paradise City;

**WHEREAS**, the parties, by this Agreement, want to set forth an agreement to orderly transfer the management responsibilities as set forth in the Contract;

**WHEREAS,** the Debtor wishes to reject, pursuant to the provisions of the Bankruptcy Code, the Contract;

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. **Recitals**.  The recitals set forth in this Agreement are hereby incorporated herein.

2. **Transfer**.  The transfer of the management responsibilities shall be done as follows:

    a. The Debtor has informed Paradise City, in writing, that it wants to reject its Contract with Paradise City.

    b. On or before September 10, 2025, Paradise City shall wire the monies it is has collected on the Contract to the Debtor at:

    Bank: FLAGSTAR BANK
    1400 Broadway
    26th Floor
    New York, NY 1008

    ABA Routing No. 02013576
    Swift Code SIGNUS33

{00279484.DOCX.2}

Account Name: Levy Ventures LLC
Case No. 25-22182
Ephraim I Diamond as CRO
4 Waverly Place
Lawrence, NY. 11559

Account No. 1505762408

c. On or before September 10, 2025, Paradise City shall mail, FedEx or email the Debtor's books and records maintained by Paradise relating to the management, leasing, collection of rents, and day-to-day operation of the Properties, including leases, rent ledgers, vendor invoices, tax returns and the like.

d. On or before September 10, 2025, Paradise City shall surrender all accounts and funds being maintained by Paradise on behalf of the Debtor, including operating accounts, security deposits, escrows and the like.

e. On or before September 5, 2025, Paradise City shall send each tenant a letter by certified mail advising the tenant of the change in property managers and directing the tenant where to make future payments.

f. On or before September 30, 2025, Paradise City shall file with the Clerk of the Court proof of any claim owed to it by the Debtor, including for any alleged damage arising out of the rejection of its Contract.

3. **Notices**: Any notice required or permitted by or in connection with this Agreement shall be in writing and may be made by hand-delivery, delivery by email or overnight mail, or by certified mail, unrestricted delivery, return receipt requested, postage prepaid, addressed to the respective party at the appropriate address set forth below or to such other address as may be hereafter specified by written notice by any party, and shall be considered given as of the date of hand delivery or delivery by email, or as of two (2) calendar days after the date of mailing independent of the date of delivery or whether delivery is ever in fact accomplished. Notice shall be addressed as follows:

If to the Debtor:

Zahav Ventures LLC
c/o J. Ted Donovan, Esquire
Goldberg Weprin Finkel Golstein LLP
125 Park Avenue, 12 Floor
New York, NY 10017
(212) 221-5700
tdonovan@gwfglaw.com

{00279484.DOCX.2}

If to Paradise City:

Paradise City Properties, LLC
c/o Michael Colligan, Manager
2325 Maryland Ave.
Baltimore, MD 21218
Mike@paradisecityproperties.com

with a copy to:

Robert B. Scarlett, Esquire
Scarlett & Croll, P.A.
306 W. Chesapeake Ave.
Towson, MD 21204
410-468-3100
rscarlett@scarlettcroll.com

4.  **Relief from the Bankruptcy Court.**  Nothing in this Agreement shall prohibit a party from requesting additional relief from the United States Bankruptcy Court for the Southern District of New York.

5.  **Agreement Jointly Drafted**.  Each of the parties has participated in the drafting and negotiation of this Agreement.  For all purposes, this Agreement shall be deemed to have been drafted jointly by the parties hereto.

6.  **Counterparts**.  To facilitate execution, this Agreement may be executed in as many counterparts as may be convenient or required.  It shall not be necessary that the signature of, or on behalf of, each party, or that the signature of all persons required to bind any party, appear on each counterpart.  All counterparts shall collectively constitute a single instrument.  It shall not be necessary in making proof of this instrument to produce or account for more than a single counterpart containing the respective signature of, or on behalf of, each of the parties hereto.  A signature page to any counterpart may be detached from such counterpart without impairing the legal effect of the signatures thereon and thereafter attached to another counterpart identical thereto except having attached to it additional signature pages.

7.  **Headings**.  The headings of the sections and paragraphs of this Agreement are inserted for convenience only and shall not constitute a part hereof.

8.  **Binding Agreement**.  This Agreement shall be binding upon and inure to the benefit of all parties, respectively, their respective heirs, executors, administrators, representatives, agents, servants, employees, officers, stockholders, successors, assigns, and anyone claiming by or through them.

{00279484.DOCX.2}

9. **Further Documentation**. The parties agree to execute all further documentation required to effectuate the purposes of this Agreement.

10. **Governing Law and Jurisdiction**. This Agreement shall be construed in accordance with the laws of the State of New York and any cases file shall be filed in United States Bankruptcy Court for the Southern District of New York.

11. **Understanding and Voluntariness**. The parties have carefully read this Agreement and, after consultation with their respective legal counsel, fully understand it and sign the same as a voluntary act.

12. **Right to Cure**. Any party to this Agreement shall have the right to cure any default under this Agreement within thirty (30) days of receiving written notice of the nature of the default by the non-defaulting party. Written notice is considered given, if notice of the default is sent by first call mail, overnight mail or email. as set forth in the Notice section of this Agreement.

13. **Facsimile/PDF Signatures**. The parties agree that facsimile or PDF signatures shall be considered as if they were original signatures, and that this Agreement may be executed by facsimile or PDF signatures.

**IN WITNESS WHEREOF**, the parties have executed and sealed this Agreement as of the day and year first written above.

ZAHAV VENTURES, LLC.

By: /s/ Ephraim Diamond
   Printed Name: Ephraim Diamond
   Chief Restructuring Officer
   Date Executed: September 3, 2025

PARADISE CITY PROPERTIES LLC

By: /s/ Michael F. Colligan
   Printed Name: Michael F. Colligan
   Manager
   Date Executed: September 3, 2025

So Ordered this __
day of September, 2025

_____
Hon. Sean H. Lane

{00279484.DOCX.2}