UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 25-22536-shl |
| ZAHAV VENTURES LLC, | Chapter 11 |
| Debtor. | Hon. Sean H. Lane |

**DECLARATION IN SUPPORT OF ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

Shauna M. DeLuca, Esq., an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. Bankruptcy Court for the Southern District of New York, hereby states the following to be true under penalty of perjury:

1. I am an attorney with the law firm of Hasbani & Light, P.C., attorneys for U.S. Bank Trust National Association, not in its individual capacity but solely as trustee of Great Lake Funding I Trust ("Creditor"), a secured creditor in the above-referenced matter. As such, I am fully familiar with the facts and circumstances of this case.

2. I make this Declaration in support of the within request for an Order Granting Relief from the Automatic Stay, for cause, pursuant to 11 U.S.C. § 362(d)(l) and (d)(2).

3. Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. § 1334. This is a proceeding to terminate and annul the automatic stay and is therefore a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. On or about June 21, 2023, as evidence of a loan in the amount of $152,000.00, Zahav Ventures, LLC (the "Debtor" or "Borrower") executed and delivered to Logan Finance Corporation, a Purchase Money Deed of Trust dated June 21, 2023 (the "Mortgage"). The Mortgage is secured by the real property located at 4129 Norfolk Avenue, Baltimore, MD 21216

(the "Property"). A copy of the Mortgage is annexed hereto as **Exhibit A**.

5. Debtor also executed and delivered to Logan Finance Corporation a Note dated June 21, 2023 (the "Note"). A copy of the Note is annexed hereto as **Exhibit B**. Pursuant to the terms of the Note, Borrower promised to pay Logan Finance Corporation, or the subsequent holder of the Note, the principal sum of $152,000.00. *See*, **Exhibit B**.

6. The Loan was assigned to Creditor as evidenced by the Assignment of Mortgage dated August 26, 2025 ("AOM"). A true and accurate copy of the AOM is attached hereto as **Exhibit C**.

7. Additionally, the wet-ink Note was ultimately transferred to Creditor as evidenced by the allonge endorsed in blank and duly affixed to the Note. *See*, **Exhibit B**.

8. The Borrower defaulted under the Loan by failing to tender the payment due on September 1, 2024. The Borrower remains in default under the Loan. As of September 30, 2025, the total amount owed to Creditor is $176,737.59. *See*, Creditor Worksheet attached.

9. Creditor has not received any post-petition payments in this bankruptcy. *Id*. A debtor's failure to make contractual payments constitutes cause for relief under §362(d)(1). *In re Taylor*, 151 B.R. 646, 648 (E.D.N.Y. 1993); *In re Heath*, 79 B.R. 616, 617 (Bankr.E.D.Pa.1987); *In re Fennell*, 495 B.R. 232, 239 (Bankr. E.D.N.Y. 2012) (concluding that cause existed to lift the automatic stay when debtor failed to make mortgage payments, and failed to "introduce [any] evidence to contradict [the] assertion that she is delinquent on her mortgage payments"); *See also, In re Davis*, 64 B.R. 358, 359 (Bankr.S.D.N.Y.1986) (holding that a debtor's failure to make mortgage payments after confirmation of the Chapter 13 plan is sufficient grounds for lifting the stay without any further inquiry into adequate protection). The court maintains the right to grant relief from stay for cause when a debtor has not been diligent in carrying out his or her duties in the bankruptcy case, has not made required payments, or is using bankruptcy as a means to delay

payment or foreclosure. *In re Harlan*, 783 F.2d 839 (9th Cir. 1986); *In re Ellis*, 60 B.R. 432 (B.A.P. 9th Cir. 1985)

10. In light of the Debtor's failure to make payments, Creditor is not adequately protected. The automatic stay must be vacated for cause pursuant to 11 U.S.C. § 362(d)(l).

11. Moreover, pursuant to the attached Broker's Price Opinion (the "BPO"), the estimated fair market value of the Property is approximately $199,500.00. A copy of this BPO is annexed hereto as **Exhibit D**. As indicated in paragraph 8 above, the total debt to Creditor equals $176,737.59. As such, there is insufficient equity in the Property. Accordingly, relief from the automatic stay is also warranted under 11 U.S.C. § 362(d)(2).

12. Additionally, relief from stay is warranted under § 362(d)(2)(B) as the Property is unnecessary for an effective reorganization. Once a Creditor under 11 U.S.C. § 362(d)(2)(A) establishes that a debtor or estate has no equity in property, it is the burden of the debtor or trustee to establish that the collateral at issue is necessary to an effective reorganization. 11 U.S.C. § 362(g)(2); *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs. Ltd*., 484 U.S. 365, 375–76 (1988). What this requires is not merely a showing that if there is conceivably to be an effective reorganization, the property will be needed for it; but also that the property is essential for an effective reorganization that is in prospect. This means that there must be a reasonable possibility of a successful reorganization within a reasonable amount of time. *Timbers*, 484 U.S. at 375.

13. Here, Debtor failed to submit any evidence to suggest the Property itself is necessary for an effective reorganization. As the Property produces little to no income, it provides no benefit to the estate; and is therefore unnecessary for the Debtor's effective reorganization. If anything, the Property poses a burden to the estate as there is insufficient equity in the Property and the Debtor

lacks the income to cure the arrearage through a Plan. Thus, Debtor failed to meet its burden under 11 U.S.C. § 362(g)(2).

14. Further, Debtor failed to provide evidence that a successful reorganization is in prospect within a reasonable time. As stated above, the Debtor must have more than visionary promises and willingness, Debtor must demonstrate concrete evidence of a sufficient cash flow to fund and maintain both operations and obligations under a proposed Chapter 11 Plan. What this requires is not merely a showing that if there is conceivably to be an effective reorganization, the Property will be needed for it; but also that the Property is essential for an effective reorganization that is in prospect. This means that there must be a reasonable possibility of a successful reorganization within a reasonable amount of time. *Timbers*, 484 U.S. at 375.

15. To date, Debtor has yet to file and/or confirm a Chapter 11 Plan. To date, Debtor has yet to file a Motion to Use Cash Collateral. As a result, there is no reasonable possibility of a successful reorganization within a reasonable amount of time and Creditor requests relief under 11 U.S.C. § 362(d)(2).

16. Creditor, according to the laws of the State of Maryland, desires to proceed with its foreclosure of the Property.

17. No prior application has been made for the relief requested herein.

**WHEREFORE**, Creditor respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(l) and (2) as to the aforementioned Property; allowing Creditor, its agents, assigns or successors in interest, leave to exercise its rights pursuant to the Note and Mortgage including but not limited to foreclose of the Mortgage secured by the subject Property; and for such other, further and different relief as to this Court may deem just, proper and equitable.

Dated: New York, NY
December 11, 2025

**HASBANI & LIGHT, P.C.**
By: */s/ Shauna M. DeLuca*
Shauna M. DeLuca, Esq.
Attorneys for Movant
450 Seventh Ave, Suite 1901
New York, New York 10123
(212) 643-6677
sdeluca@hasbanilight.com